UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


CANDACE FOX,                        )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     No. 4:11 CV 1584 DDN
                                    )
CAREER EDUCATION CORPORATION and    )
SANFORD BROWN COLLEGE, INC.,        )
                                    )
          Defendants.               )


**MEMORANDUM**

This action is before the court on the motions of defendants Career Education Corporation and Sanford Brown College, Inc. to compel arbitration (Doc. 12), to stay the action pending completion of arbitration (Doc. 14), and to dismiss (Doc. 16). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 18.)

For the reasons set forth below, the court sustains defendants' motion to compel arbitration (Doc. 12), stays the action pending completion of arbitration (Doc. 14), and denies the motion to dismiss without prejudice (Doc. 16).

**I.  BACKGROUND**

On August 17, 2011, plaintiff Candace Fox commenced this action against defendants Career Education Corporation (CEC) and Sanford Brown College, Inc. (SBC)(collectively defendants) in the Circuit Court of St. Louis County, Missouri. (Doc. 6.) On September 13, 2011, defendants removed the action to this court pursuant to 28 U.S.C. § 1441, on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332. (Doc. 1.)

According to the complaint, defendants own and operate for-profit educational institutions, including Sanford Brown College in Fenton, Hazelwood, and St. Peters, Missouri. (Doc. 6 at ¶¶ 2-4.)

Plaintiff alleges that she attended Sanford Brown College in Fenton and Hazelwood, Missouri. (Id. at ¶ 6.) She paid for tuition with a

combination of her own money, money from federal grants, and money from loans, which she alleges she was encouraged to take out by certain employees and representatives of defendants. (Id.)

Plaintiff alleges that during her admissions process to Sanford Brown College, defendants' employees and agents misrepresented the quality of the training, curriculum, instructors, and campuses at Sanford Brown College, her prospective salary after graduation, and her ability to transfer credits to other colleges. (Id. at ¶ 7.) Plaintiff alleges that she relied on these misrepresentations and was induced into enrolling at Sanford Brown College, applying for student loans, purchasing books and supplies, and paying tuition. (Id. at ¶ 11.)

When plaintiff enrolled in the Emergency Medical Services program at Sanford Brown College, she signed an Enrollment Agreement that included an arbitration clause:

> 10. **Dispute Resolution.** <u>Any disputes or controversies between the parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education or career service assistance by the College or to this Agreement shall be resolved first through the grievance policy published in the catalog. If not resolved in accordance with the procedures outlined in the school catalog</u> to the satisfaction of the student, <u>then the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect</u> or in accordance with procedures that the parties agree to in the alternative. The Federal Arbitration Act and related federal judicial procedure shall govern this agreement to the fullest extent possible, excluding all state arbitration law, irrespective of the location of the arbitration proceedings or of the nature of the court in which any related proceedings may be brought. Any such arbitration shall be the sole remedy for the resolution of any disputes or controversies between the parties to this agreement. Any such arbitration shall take place before a neutral arbitrator in a locale near the College unless the Student and the College agree otherwise. The arbitrator must have knowledge of and actual experience in the administration and operation of postsecondary educational institutions unless the parties agree otherwise. The arbitrator shall apply federal law to the fullest extent possible in rendering a decision. The arbitrator shall have the authority to award monetary damages measured by the prevailing party's actual damages and may grant any nonmonetary remedy or relief that the arbitrator deems just and equitable and within the scope of this agreement between

> the parties.  Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction.  The arbitrator shall not have any authority to award punitive damages, treble damages, consequential or indirect damages, or other damages not measured by the prevailing party's actual damages, or to award attorney's fees.  The arbitrator also shall not have any authority to alter any grade issued to a student.  The parties shall bear their own costs and expenses. The parties shall also bear an equal share of the fees and costs of the arbitration, which include but are not limited to the fees and costs of the arbitrator, unless the parties agree otherwise or the arbitrator determines otherwise in the award. Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any such arbitration without the prior written consent of both parties.

(Doc. 13-1 at 3, 4 (emphasis added).)[1]

In Count I, plaintiff alleges that defendants knowingly made fraudulent misrepresentations and omissions in order to induce her into enrolling at Sanford Brown College. (Doc. 6 at ¶¶ 12-21.)  In Count II, plaintiff alleges that defendants violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010-407.1500, through their deceptive and fraudulent misrepresentations and omissions. (Doc. 6 at ¶¶ 22-27.)  In Count III, plaintiff alleges that defendants fraudulently concealed and omitted facts regarding her potential salary, ability to transfer credit hours to other colleges, future tuition rates, and future loan obligations.  (Id. at ¶¶ 28-42.)

Plaintiff seeks damages from her payment of and future obligation to pay for tuition, books, supplies, and equipment, as well as her obligations to pay fees, incidental expenses, and interest expenses. (Id. at ¶¶ 20, 26, 41.)  Plaintiff also seeks punitive damages. (Id. at ¶¶ 21, 27, 42.)

---

[1] Although the Enrollment Agreement was not attached to plaintiff's complaint, it was "necessarily embraced by the pleadings" and thus may be considered by the court without converting the motion to dismiss into a motion for summary judgment. Noble Sys. Corp. v. Alorica Central, LLC, 543 F.3d 978, 982 (8th Cir. 2008).

## II.   MOTION TO COMPEL ARBITRATION

Defendants move to compel arbitration (Doc. 12) and to stay or dismiss the action pending completion of arbitration (Docs. 12, 14, 16). In their motion to compel arbitration, defendants argue that the Enrollment Agreement between the parties contains a binding, enforceable arbitration clause that covers plaintiff's claims.  (Docs. 12, 13.)

Plaintiff responds that the arbitration clause is unenforceable because it is unconscionable.  Plaintiff argues that the arbitration clause is procedurally unconscionable because defendants' representatives made misrepresentations to her, pressured her into signing the Enrollment Agreement without discussion or negotiation, and hid the arbitration clause in small print on the last page of the Enrollment Agreement. Plaintiff also argues that the Enrollment Agreement is a contract of adhesion because it was offered on a take-it-or-leave-it basis and because the parties had unequal bargaining power.  Plaintiff further argues that the arbitration clause is substantively unconscionable because it precludes recovery of punitive damages and because it requires her to pay one-half of the cost of arbitration, thereby making litigation prohibitively expensive to her.  (Doc. 27.)

Defendants reply that any dispute regarding the enforceability of the arbitration clause should be decided by an arbitrator.  Defendants also argue that the arbitration clause is neither procedurally nor substantively unconscionable.  (Doc. 32.)

## III.   DISCUSSION

Section 2 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  This provision reflects the strong federal policy favoring arbitration and requires courts to enforce arbitration agreements according to their terms.  <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740, 1745 (2011).  Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983).

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." Newspaper Guild of St. Louis, Local 36047 v. St. Louis Post Dispatch, LLC, 641 F.3d 263, 266 (8th Cir. 2011). Plaintiff does not dispute that her claims fall within the ambit of the arbitration clause. Rather, plaintiff argues that the arbitration clause is unenforceable because it is unconscionable.

Here, however, the parties agreed to abide by the Commercial Rules of the American Arbitration Association (AAA Rules). (Doc. 13-1 at 4.) Rule 7(a) of the AAA Rules states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (Doc. 32-1 at 9.)

Parties are free to agree to arbitrate threshold or "gateway" questions of arbitrability. Rent-A-Center, West, Inc. v. Jackson, 130 S. Ct. 2772, 2777 (2010) (noting that this "reflects the principle that arbitration is a matter of contract"). "By incorporating the AAA Rules, the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 769 (8th Cir. 2011). Inclusion of the AAA Rules into an arbitration agreement is a "clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator." Fallo v. High-Tech Inst., 559 F.3d 874, 878 (8th Cir. 2009). "When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause's enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged." Hubbard v. Career Educ. Corp., No. 4:11 CV 995 CDP, 2011 WL 5976070, at *2 (E.D. Mo. Nov. 30, 2011) (citing Rent-A-Center, 130 S. Ct. at 2779); accord Mitchell v. Career Educ. Corp., No. 4:11 CV 1581 TCM, 2011 WL 6009658, at *3 (E.D. Mo. Dec. 1, 2011) (citing Rent-A-Center, 130 S. Ct. at 2779). This is true even when the delegation clause is embedded in an arbitration clause and when the arbitration clause is included in the parties' contract rather than agreed to in an independent contract. Rent-A-Center, 130 S. Ct. at 2779 (noting that the nature of the

underlying contract "makes no difference" because "[a]pplication of the severability rule does not depend on the substance of the remainder of the contract"); see also id. at 2779 n.3 (finding "no logical reason why an agreement to arbitrate one controversy (an employment-discrimination claim) is not severable from an agreement to arbitrate a different controversy (enforceability)" and noting that "the invalidity of one provision within an arbitration agreement does not necessarily invalidate its other provisions" (emphasis omitted)).

None of plaintiff's arguments challenge the provision of the arbitration clause delegating authority to an arbitrator to resolve issues of arbitrability. Thus, it is for the arbitrator to determine the enforceability of the arbitration clause. Rent-A-Center, 130 S. Ct. at 2779; accord Womack v. Career Educ. Corp., No. 4:11 CV 1003 RWS, 2011 WL 6010912, at *2 (E.D. Mo. Dec. 2, 2011); Hubbard, 2011 WL 5976070, at *2; Chisholm v. Career Educ. Corp., No. 4:11 CV 994 HEA, 2011 WL 5524552, at *2 (E.D. Mo. Nov. 14, 2011).

Therefore, the motions of defendants to compel arbitration and to stay this action pending the completion of arbitration (Docs. 12 and 14) are sustained. The alternative motion of defendants to dismiss (Doc. 16) is denied without prejudice. An appropriate Order is issued herewith.


　　　　　　　　　　　　　　　　　　　／S／　　David D. Noce　　　　
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**


Signed on April 11, 2012.